# EXHIBIT A

| | |
|---|---|
| **From:** | Angela Vandendriesche |
| **Sent:** | Friday, June 05, 2015 3:07 PM |
| **To:** | robert@innovativeresearchgroup.com |
| **Cc:** | Daniel Caron; Amy Thorne |
| **Subject:** | FW: New Contractor Engagement Form |
| **Attachments:** | Cover Letter to Revised ICEA.PDF; ICEA 0615.pdf; Smith_Complaint.pdf; KeyPoint Auto Insurance Form.pdf |

Attention OPM Independent Contractors,

Please review the attached documents carefully and note the timelines below. Attached to this email are the following documents due back to Amy Thorne via email or through USPS within 10 business days.

- Cover Letter: This explains the full purpose and request behind the attached documents.
  - Opt-Out Document: Choose to opt in or opt out to resolve disputes through arbitration. No response assumes opt-in.
- Independent Contractor Engagement Agreement (ICEA)
  - Major change: Each contractor has a minimum proof of coverage required for automobile insurance.
- Smith Complaint: In full disclosure, KeyPoint is providing the current details on a potential class action law suit pending.
- KeyPoint Auto Insurance Form

KeyPoint is requesting each contractor sign an updated Independent Contractor Engagement Agreement to support documentation required from our contract personnel to continue engagement on the OPM contract. Please return the Independent Contractor Engagement Agreement, the Opt-Out (if applicable) and the proof of insurance by **June 19, 2015**.

Thank you,

KeyPoint OPM Program Management Team

KEYPOINT0000027



June 5, 2015

Dear Contractor:

Attached is a revised Independent Contractor Engagement Agreement ("ICEA") for your review and execution. As a condition of continuing to contract with KeyPoint, please initial each page and then sign, date and return the ICEA and do so within ten (10) business days of the date of this letter.

Please be advised that the enclosed ICEA contains an arbitration provision which applies to all pending and future litigation, including but not limited to *Richard Smith, et al. v. KeyPoint Government Solutions*, Case No. 1:15-cv-00865, pending in the United States District Court for the District of Colorado. The *Smith* case is a proposed collective action which alleges that KeyPoint has violated the Fair Labor Standards Act by classifying some investigators (possibly including you) as independent contractors instead of employees and alleges that these investigators should have been paid overtime for hours worked over 40 per week. KeyPoint denies and is vigorously contesting these allegations. A copy of the operative complaint in the *Smith* case is attached.

The ICEA also contains an opt-out provision with respect to pending litigation. If you execute the ICEA and do not return the opt-out form as provided in the ICEA, you will not be able to participate in the *Smith* collective action either as a plaintiff or member of the collective action. Instead, if you wanted to bring a claim against KeyPoint like that in the *Smith* case, you would not be precluded from doing so, but you would be required to do so in arbitration on behalf of yourself only. If you execute the ICEA and also execute and return the opt-out form as provided in the ICEA, the arbitration provision will have no effect on your ability to participate in the *Smith* collective action; although the arbitration provision will continue to apply to other claims you have or in the future may have. Whether or not you return the opt-out form is completely up to you, and regardless of what you choose, there will be no adverse action taken against you as a consequence. If you choose to do so, you must return the executed opt-out within ten (10) business days of the date of this letter. If you return the executed ICEA without the opt-out form, you will not have opted out of the arbitration provision and it will apply.

Thank you in advance for your cooperation and I look forward to a successful future working with you!

Sincerely,

Jennifer L. Boaz
National Director of Independent Contracts

Page 1 of 2

KEYPOINT0000028



**EXHIBIT A**

**Arbitration of Pending Litigation Opt-Out Form**

By signing and dating this form, and returning it with my executed Agreement, I opt-out of the provision in paragraph 6, sub-paragraph (g) of this Agreement regarding arbitration of pending litigation. I understand that by opting out, this Agreement does not require me to arbitrate any claims I may have in pending litigation.

Signature: _____

Name (print): _____

Title: _____

Date: _____

KEYPOINT0000029



### KEYPOINT GOVERNMENT SOLUTIONS, INC.
### INDEPENDENT CONTRACTOR ENGAGEMENT AGREEMENT

**THIS INDEPENDENT CONTRACTOR AGREEMENT** ("Agreement") dated as of _____ between KeyPoint Government Solutions, Inc., a Delaware corporation ("KeyPoint"), and _____("Contractor"), whose address is _____ _____. "KeyPoint" and "Contractor" shall be individually referred to as "party" or collectively referred to as "parties."

REDACTED

**1. SERVICES TO BE PROVIDED BY CONTRACTOR**

REDACTED

1750 FOXTRAIL DRIVE | LOVELAND, CO 80538 | T 866.667.3635 | WWW.KEYPOINT.US.COM

**CONFIDENTIAL**                         **KEYPOINT0000030**



## 2. CONTRACTOR'S REPRESENTATIONS, WARRANTIES AND ACKNOWLEDGMENTS

REDACTED

## 3. COMPENSATION

REDACTED

## 4. NO AUTHORITY TO BIND KEYPOINT

REDACTED

Page 2 of 8                    Contractor Initials _____



REDACTED

**5. INDEPENDENT CONTRACTOR; NO AGENCY OR EMPLOYMENT RELATIONSHIP**

REDACTED

**6. ARBITRATION AGREEMENT**

KeyPoint and Contractor mutually agree to resolve any justiciable disputes between them exclusively through final and binding arbitration instead of filing a lawsuit in court. This arbitration agreement is governed by the Federal Arbitration Act (9 U.S.C. §§ 1-16) and shall apply to any and all claims arising out of or relating to this Contract, the Contractor's classification as an independent contractor, Contractor's provision of services to KeyPoint or its Customers, the payments received by Contractor for providing services to KeyPoint or its Customers, the termination of this Contract, and all other aspects of the Contractor's relationship with KeyPoint, past, present or future, whether arising under federal, state or local statutory and/or common law, including without limitation harassment, discrimination or retaliation claims and claims arising under or related to the Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, or Fair Labor Standards Act, state statutes or regulations addressing the same or similar subject matters, and all other federal or state legal claims arising out of or relating to Contractor's relationship or the termination of that relationship with KeyPoint. This Agreement applies to all pending and future litigation between Contractor and KeyPoint in state or federal courts as of the date of Contractor's execution of this Agreement. However, this Agreement does not apply to any claim that may not be arbitrated as provided by an Act of Congress or lawful, enforceable Executive Order.

(a)    If either party wishes to initiate arbitration, the initiating party must notify the other party in writing via certified mail, return receipt requested, or hand delivery within the applicable statute of limitations period. This demand for arbitration must include (1) the name and address of the party seeking arbitration, (2) a statement of the legal and factual basis of the claim, and (3) a description of the remedy sought. Any demand for arbitration by Contractor must be delivered to National Director of Independent Contractors, KeyPoint Government Solutions, Inc., 1750 Foxtrail Drive, Loveland, CO 80538.

(b)    **Class Action Waiver. KeyPoint and Contractor mutually agree that by entering into this agreement to arbitrate, both waive their right to have any dispute or claim brought, heard or arbitrated as a class action, collective action and/or**

**CONFIDENTIAL**                    **KEYPOINT0000032**



representative action, and an arbitrator shall not have any authority to hear or arbitrate any class, collective or representative action ("Class Action Waiver"). Notwithstanding any other clause contained in this Agreement or the AAA Rules, as defined below, any claim that all or part of this Class Action Waiver is unenforceable, unconscionable, void or voidable may be determined only by a court of competent jurisdiction and not by an arbitrator. In any case in which (1) the dispute is filed as a class, collective, representative or private attorney general action and (2) there is a final judicial determination that all or part of the Class Action Waiver is unenforceable, the class, collective, representative and/or private attorney general action to that extent must be litigated in a civil court of competent jurisdiction, but the portion of the Class Action Waiver that is enforceable shall be enforced in arbitration.

(c)     Contractor agrees and acknowledges that entering into this arbitration agreement does not change Contractor's status as an independent contractor in fact and in law, that Contractor is not an employee of KeyPoint or KeyPoint's Customers and that any disputes in this regard shall be subject to arbitration as provided in this agreement.

(d)     Any arbitration shall be governed by the American Arbitration Association Commercial Arbitration Rules ("AAA Rules"), except as follows:

> (1)     The arbitration shall be heard by one arbitrator selected in accordance with the AAA Rules.  The arbitrator shall be an attorney with experience in the law underlying the dispute.

> (2)     If the parties cannot otherwise agree on a location for the arbitration, the arbitration shall take place in the county in which Contractor performed his contractual duties for KeyPoint.

> (3)     Unless applicable law provides otherwise, as determined by the Arbitrator, the parties agree that KeyPoint shall pay all of the Arbitrator's fees and costs.

> (4)     The Arbitrator may issue orders (including subpoenas to third parties) allowing the parties to conduct discovery sufficient to allow each party to prepare that party's claims and/or defenses, taking into consideration that arbitration is designed to be a speedy and efficient method for resolving disputes.

> (5)     Except as provided in the Class Action Waiver, the Arbitrator may award all remedies to which a party is entitled under applicable law and which would otherwise be available in a court of law, but shall not be empowered to award any remedies that would not have been available in a court of law for the claims presented in arbitration.  The Arbitrator shall apply the state or federal substantive law, or both, as is applicable.

> (6)     The Arbitrator may hear motions to dismiss and/or motions for summary judgment and will apply the standards of the Federal Rules of Civil Procedure governing such motions.

> (7)     The Arbitrator's decision or award shall be in writing with findings of fact and conclusions of law.

**CONFIDENTIAL**                                  **KEYPOINT0000033**



(8)     Either KeyPoint or Contractor may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief on the ground that without such relief the arbitration provided in this paragraph 6 may be rendered ineffectual.

(e)     Regardless of any other terms of this arbitration agreement, claims may be brought before and remedies awarded by an administrative agency (such as the National Labor Relations Board, Equal Employment Opportunity Commission, or U.S. Department of Labor) if applicable law permits access to such an agency notwithstanding the existence of an agreement to arbitrate.

(f)     The AAA Rules may be found at www.adr.org or by searching for "AAA Commercial Arbitration Rules" using a service such as www.Google.com or www.Bing.com or by asking KeyPoint's Contractor Liaison to provide a copy.

(g)     **Contractor's Right to Opt Out of Arbitration of Pending Litigation. Arbitration of litigation pending in federal or state court is not a mandatory condition of contracting with KeyPoint. If you wish to opt out of mandatory arbitration of litigation pending at the time of execution of this contract, you must execute the "Arbitration of Pending Litigation Opt-Out Form" that is attached to this contract as Exhibit A, and return it with the executed contract. If you opt out as provided in this paragraph, you will not be subject to any adverse action as a consequence of that decision and may pursue available legal remedies with respect to pending litigation without regard to this Agreement. You have the right to consult with counsel of your choice concerning this Agreement.**

(h)     This arbitration agreement is the full and complete agreement relating to the formal resolution of disputes covered by this arbitration agreement. In addition to as stated with regard to the Class Action Waiver, above, in the event any portion of this arbitration agreement is deemed unenforceable, the remainder of this arbitration agreement will be enforceable.

7. DISCLOSURE AND CONFIDENTIALITY; ADVERTISING AND PUBLICITY; KEYPOINT NAME AND LOGO

## REDACTED

Page 5 of 8                                    Contractor Initials _____

**CONFIDENTIAL**                                    **KEYPOINT0000034**



REDACTED

**8. NOTICES**

REDACTED

**9. ENTIRE AGREEMENT**

REDACTED

**10. SEVERABILITY**

REDACTED

**11. EQUIPMENT AND SUPPLIES**

REDACTED

**12. WORK ASSIGNMENTS**

REDACTED

Contractor Initials _____

**CONFIDENTIAL**

KEYPOINT0000035



**13. GOVERNING LAW**

## REDACTED

If the foregoing correctly expresses our agreement with respect to Contractor's services as an independent contractor for KeyPoint, please sign and date this letter in the space provided below, return one executed copy to KeyPoint and retain one executed copy.

**IN WITNESS WHEREOF,** the parties hereto have executed this Agreement as of the day and year first above written.

| KeyPoint Government Solutions, Inc. | | Contractor | |
|---|---|---|---|
| Signature: | _____ | Signature: | _____ |
| Name: | Michael Chao | Name (print): | _____ |
| Title: | Chief Financial Officer | Title: | _____ |
| Date: | _____ | Date: | _____ |

**CONFIDENTIAL**

KEYPOINT0000036



## EXHIBIT A

### Arbitration of Pending Litigation Opt-Out Form

By signing and dating this form, and returning it with my executed Agreement, I opt-out of the provision in paragraph 6, sub-paragraph (g) of this Agreement regarding arbitration of pending litigation. I understand that by opting out, this Agreement does not require me to arbitrate any claims I may have in pending litigation.

Signature: _____

Name (print): _____

Title: _____

Date: _____

Contractor Initials _____

CONFIDENTIAL

KEYPOINT0000037

Kevin T. Barnes, SBN 138477
barnes@kbarnes.com
Gregg Lander, SBN 194018
lander@kbarnes.com
LAW OFFICES OF KEVIN T. BARNES
5670 Wilshire Boulevard, Suite 1460
Los Angeles, CA 90036-5664
Telephone: (323) 549-9100
Facsimile: (323) 549-0101

Todd M. Schneider, SBN 158253
tschneider@schneiderwallace.com
Joshua Konecky, SBN 182897
jkonecky@schneiderwallace.com
Nathan Piller, SBN 300569
npiller@schneiderwallace.com
SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SMITH, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) **COLLECTIVE ACTION COMPLAINT** ) **UNDER THE FAIR LABOR STANDARDS** ) **ACT (FLSA), 29 U.S.C. § 201,** *et seq.* |
| vs. | ) ) |
| KEYPOINT GOVERNMENT SOLUTIONS, INC., a Delaware corporation, | ) **JURY TRIAL DEMANDED** ) ) |
| Defendant. | ) ) ) ) ) |

Plaintiff Richard Smith, by and through his undersigned attorneys, hereby brings this

Collective Action Complaint on behalf of himself and all others similarly situated, against Defendant

Keypoint Government Solutions, Inc. ("Defendant"), and alleges as follows:

KEYPOINT0000038

## I.    NATURE OF THE CASE

1.      This is a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), arising out of Defendant's misclassification of its Investigators as "independent contractors" instead of "employees," and resulting failure to pay its Investigators overtime wages for the substantial overtime hours they regularly work.

2.      Defendant employs thousands of Investigators across the United States to perform background checks, an integral part of Defendant's business as a provider of background checks to the federal government.  The Investigators routinely work more than 40 hours a week.  They perform traditional investigative work (e.g. tracking down witnesses, interviewing witnesses, finding and reviewing public records, etc.).  They also spend additional time writing reports on their investigations for Defendant to submit to the government.   The investigative work must generally be performed during regular business hours and is itself a full time job.  On top of the 40 or more hours per week spent on this work, the Investigators must spend substantial additional time after hours to write-up their reports, and must do so under deadlines imposed by Defendant.  As a result, the Investigators, including Plaintiff, regularly work well over 40 hours per week, but do not receive any overtime pay.

3.      Under well-established law, Defendant owes its Investigators overtime pay for their overtime hours because Defendant is the legal employer of the Investigators.  The Investigators perform an integral part of Defendant's business and Defendant retains the right to exercise extensive control over the way the Investigators perform their jobs.  Among other things, Defendant retains the right to control the Investigators' pay rate, hours, deadlines, forms and scripts for interviews, quality control on reports ultimately submitted to the government, and other details of the job.  Moreover, Defendant does not permit its Investigators to submit reports to the government until Defendant has completed an extensive "Case Review Process."  Defendant treats the Investigators as employees in every material respect, except that it has misclassified an entire class of them as independent contractors.

KEYPOINT0000039

4.      Defendant classifies some Investigators as employees, but misclassifies Plaintiff and other similarly situated Investigators as independent contractors.  The Investigators classified as independent contractors are subject to the same rules, procedures, responsibilities and level of control as those classified by Defendant as employees.  Other than the number of hours worked or whether the worker is paid overtime and other benefits, there is no material difference between them.  They all are "employees" under applicable law.  Yet, Defendant has misclassified a subset of them as "independent contractors."  Using this classification scheme, Defendant has failed to pay these Investigators the full wages and employment benefits they are due.

5.      Defendant's unlawful classification of Plaintiff and other similarly situated Investigators as independent contractors is part of an unlawful policy and practice to evade the overtime obligations and other responsibilities that employers owe to their workers and the government under the FLSA and applicable tax laws.  Defendant has violated and continues to violate the overtime requirements of the FLSA, 29 U.S.C. § 207(a), and the applicable Regulations of the Department of Labor.  Moreover, Defendant's violations have been willful under 29 U.S.C. § 255(a), and Plaintiffs therefore are entitled to recover damages under FLSA's three-year statute of limitations.

6.      Plaintiff Richard Smith brings this collective action under the FLSA, 29 U.S.C. § 216(b), on behalf of himself and other similarly situated individuals who worked for Defendant as Investigators in the United States, while being classified by Defendant as independent contractors at any time beginning three years before the filing of this Complaint and/or the filing of consents to become party plaintiffs, plus additional time for periods of equitable tolling.

7.      Plaintiff challenges Defendant's policies of: (1) classifying Plaintiff and other similarly situated Investigators as independent contractors instead of employees; and (2) failing to pay Plaintiff and other similarly situated Investigators overtime wages for hours worked in excess of 40 in a week.  Plaintiff seeks compensation in the form of back wages, including overtime wages; an additional equal amount as liquidated damages; and interest to the full extent permitted by the

KEYPOINT0000040

FLSA.  Plaintiff, on behalf of himself and all others similarly situated, also requests reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## II.    VENUE AND JURISDICTION

8.     The FLSA authorizes private rights of action to recover damages for violations of the FLSA's wage and hour provisions.  29 U.S.C. § 216(b).

9.     This Court has jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA.  The Court also has jurisdiction under 28 U.S.C. § 1332(a)(1), because the amount in controversy in this action exceeds $75,000, exclusive of interests and costs, and because the parties are residents of different states.

10.     Venue is proper under 28 U.S.C. §1391, because Defendant employs members of the proposed Collective and transacts business in this Judicial District, and a substantial part of the acts and/or omissions giving rise to the claims occurred in this District.

## III.    PARTIES

11.     Plaintiff, Richard Smith, is a resident of Fairborn, Ohio in Greene County.  Plaintiff worked for Defendant as an Investigator in the city of Vacaville, in Solano County, California, between approximately the summer of 2006 to April 2010, and out of the city of Fairborn, Ohio in Greene County between approximately May 2010 and the present.  From the summer of 2006 until May 2012, Defendant consistently classified Plaintiff as an independent contractor and did not pay him any overtime or other benefits owed to employees.  In May 2012, Defendant began to classify Plaintiff as an employee, rather than an independent contractor.  However, Plaintiff's work responsibilities did not change materially in connection with this change in status, nor did Defendant's exercise of control over Plaintiff.

12.     The Collective Action members are current or former Investigators who have worked for Defendant in the United States, while being classified by Defendant as independent contractors, at any time beginning three years before the filing of this Complaint and/or the filing of consents to become party plaintiffs, plus additional time for periods of equitable tolling.

COLLECTIVE ACTION COMPLAINT
*Smith v. Keypoint*

3

KEYPOINT0000041

13.     Defendant Keypoint Government Solutions, Inc. ("Keypoint") is and at all relevant times has been engaged in the business of security-clearance background investigation and screening services across the United States.

14.     Defendant Keypoint is incorporated in Delaware, headquartered in Loveland, Colorado, registered to do business in the State of California.  It employs thousands of Investigators to perform work across the United States, including work in this Judicial District, and is a resident of this Judicial District.

15.     Defendant Keypoint was formerly Kroll Government Services, Inc. ("Kroll"), also a Colorado corporation.  Kroll was Plaintiff's employer until 2009.  In 2009, Kroll was acquired by Veritas Capital Fund Management, L.L.C., and became Defendant Keypoint.

16.     Any reference to Defendant or Keypoint herein is intended to include both Keypoint and Kroll to the extent that any conduct by Kroll, or the consequences of any conduct by Kroll, extends into the period of time after Kroll changed to Keypoint.

## IV.     FACTUAL ALLEGATIONS

17.     During the relevant time period of this action, Defendant has employed, and continues to employ, Plaintiff and other similarly situated individuals to conduct background check investigations and compile reports that Defendant ultimately submits to the federal government.  These background checks and reports are an integral part of Defendant's self-described role as "the leading provider of security-clearance background investigations and screening services to the U.S. Government."  Background checks for the federal government's Office of Personnel Management constitute 85% to 95% of Defendant's business, and are performed by both employee and independent contractor Investigators alike.

18.     The job duties of Plaintiff and other similarly situated Investigators include: performing public records searches; conducting interviews; compiling reports; and performing additional miscellaneous duties at the direction and control of Defendant.  Plaintiff and other similarly situated Investigators collect background information in the field by performing records

KEYPOINT0000042

searches at public agencies, courthouses, educational institutions, financial institutions, and medical/mental health facilities. They also conduct in-person interviews with the subjects of the background checks, and/or his or her neighbors, employers, family, and friends. They then prepare and compile written reports based on the information they collect and submit the reports to Defendant's "Case Review Analysts," who review the reports and request changes before they are submitted to the federal government.

19.     Defendant imposes report completion deadlines on Plaintiff and other similarly situated Investigators. The background checks usually must be completed within 2 weeks from the date they are assigned.

20.     As indicated above, the work Defendant requires and/or suffers and permits the Plaintiff and other similarly situated Investigators to perform can be divided into two broad categories: (1) investigative tasks; and (2) report writing. Plaintiff and other similarly situated Investigators generally must perform the investigative tasks during traditional business hours because public records and interview subjects tend to be unavailable outside of these hours. Consequently, report writing and related tasks often must be performed outside of traditional business hours. The investigative work alone is substantial, and regularly demands at least 40 hours of work per week, per Investigator. Combined with the report writing, Plaintiff and the other similarly situated Investigators must regularly work well over 40 hours per week. Indeed, given the nature of investigative work and timing restrictions on investigative tasks, Plaintiff and other similarly situated Investigators regularly work substantial overtime hours to meet the deadlines set by Defendant. Yet, Defendant does not pay Plaintiff or other similarly situated Investigators for all these hours, and does not pay them at one and one-half times their regular rate for hours over 40 in a week.

21.     Defendant classifies some Investigators as employees. Employee Investigators receive overtime pay and benefits, such as vacation, floating holidays, 401Ks, health insurance, mileage reimbursement, workers compensation insurance, short and long-term disability benefits

KEYPOINT0000043

and life insurance benefits.  Plaintiff and the other similarly situated Investigators classified by Defendant as independent contractors, however, receive none of these benefits and do not receive overtime pay.

22.     All Defendant's Investigators—regardless of classification—are required to attend the same extensive training program covering Office of Personnel Management work, and are responsible for completing the same tasks.  For example, Plaintiff worked on the same cases, had the same field manager, and worked out of the same location before and after being reclassified from "independent contractor" to "employee."

23.     The Investigators conduct background checks for the federal government's Office of Personnel Management, regardless of their classification.  The Investigators fill out the same job application materials, regardless of their classification.

24.     Defendant does not require Plaintiff or other similarly situated Investigators to have a Bachelor's degree.

25.     Defendant provides detailed and in-depth training to Plaintiff and other similarly situated Investigators on how to perform background checks for the federal government's Office of Personnel Management at Defendant's corporate offices in Loveland, Colorado.  The Investigators are not paid for this training, regardless of their classification.  This training program consists of the following: 80 hours of observation by Defendant, one week of teleconferencing, three weeks of on-site training in Loveland, Colorado, and 80 hours of on-the-job training performed by a "Certified Field Trainer" of Defendant.  Thereafter, Plaintiff and other similarly situated Investigators are required to enroll in a "mentoring program" whereby an employee of Defendant mentors them for 48 hours.  Employee Investigators are required to complete precisely the same training.

26.     Plaintiff and other similarly situated Investigators also may not reject work related to a project once they have been assigned a deadline.

27.     Any substitutes enlisted by Plaintiff and other similarly situated Investigators to perform their work must be preapproved by Defendant.  In practice, Defendant's intensive, time-

COLLECTIVE ACTION COMPLAINT
*Smith v. Keypoint*

6

KEYPOINT0000044

consuming credentialing process makes it impractical for Plaintiff and other similarly situated Investigators to hire substitutes.

28.   Defendant compensates Plaintiff and other similarly situated Investigators for work performed on the Office of Personnel Management contract with a flat fee.

29.   For all other work, Defendant compensates Plaintiff and other similarly situated Investigators pursuant to a standard "Project Structure Fee," under which all payments are broken into "source units." For example, subject interviews are considered 4 source units, and reference interviews are considered 1 source unit, even if they take the same amount of time to complete.

30.   Defendant presents the compensation terms to Plaintiff and other similarly situated Investigators on a "take-it-or-leave-it" basis.

31.   The independent contractor agreement is terminable at-will by Defendant, and does not contain a notice requirement. Accordingly, the contractual agreement does not contemplate an end date to the business relationship. Plaintiff and other similarly situated Investigators often work for Defendant for several years. For example, Plaintiff has worked as an Investigator for Defendant for over 8 years.

32.   Plaintiff and other similarly situated Investigators also incur substantial out-of-pocket expenses in the form of mileage and office supplies, among other resources. Despite these significant expenditures, Plaintiff and other similarly situated Investigators invest little in their "businesses" besides gas money, office supplies, and a phone, which in reality are the Defendant's costs of doing business. As a general matter, Plaintiff and other similarly situated Investigators do not have or work through a genuine "business" in any meaningful sense, but simply work as employees of Defendant.

33.   Defendant requires Plaintiff and other similarly situated Investigators to use uniform scripts, forms, and note-taking templates provided by Defendant to conduct interviews. The Investigators across the United States—regardless of their classification—use the same forms and scripts.

COLLECTIVE ACTION COMPLAINT
*Smith v. Keypoint*

7

34.     Plaintiff and other similarly situated Investigators perform their work according to instructions set by Defendant and communicated to Plaintiff and other similarly situated Investigators during the lengthy trainings and mentoring programs to ensure that work is performed according to Defendant's precise specifications.

35.     Once Plaintiff and other similarly situated Investigators have completed a report, they cannot submit the report directly to the federal government, but rather must go through Defendant's "Case Review Process."  During this process, a "Case Review Analyst" will review the report for quality control purposes, and request that the independent contractor Investigator make changes and/or acquire additional information if necessary.  Plaintiff and other similarly situated Investigators are not paid for the time required to make these changes.  Plaintiff and other similarly situated Investigators may submit their reports to the federal government only after this process has been completed.  Defendant maintains this practice pursuant to its contracts with the federal government, which state that Defendant shall provide the "quality assurance" and subcontractor oversight necessary to meet the client's specifications.

## V.     COLLECTIVE ALLEGATIONS

36.     Plaintiffs bring this cause of action as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and a proposed Collective of similarly situated employees defined as:

> "All individuals who have worked for Defendant as Investigators in the United States, while being classified as independent contractors, at any time beginning three years before the filing of this Complaint and/or the filing of consents to become party plaintiffs, plus additional time for periods of equitable tolling."

37.     Plaintiff, individually, and on behalf of other similarly situated employees defined above, seeks relief on a collective basis challenging Defendant's policy of misclassifying Investigators as independent contractors, and failing to pay them for all hours worked, including overtime compensation.  The number and identity of other similarly situated persons yet to opt-in as party-plaintiffs may be determined from the records of Defendant, and potential opt-ins may be easily and quickly notified of the pendency of this action.

KEYPOINT0000046

### FIRST CAUSE OF ACTION
#### VIOLATION OF THE FAIR LABOR STANDARDS ACT,
#### 29 U.S.C. § 201, et seq. FAILURE TO PAY OVERTIME WAGES

38.     Plaintiff and other similarly situated Investigators re-allege and incorporate all previous paragraphs herein.

39.     The FLSA requires that employers whose employees are engaged in commerce, engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce pay their employees overtime wages at one and one-half their regular rate for hours worked in excess of 40 hours during a workweek. 29 U.S.C. §§ 207.

40.     Defendant is covered by the FLSA and has violated the FLSA by failing to pay Plaintiffs for all time worked, including overtime pay, because it has misclassified Plaintiff and other similarly situated Investigators as independent contractors.

41.     Plaintiff and other similarly situated Investigators are victims of a uniform and company-wide compensation policy that systematically denies them their statutorily mandated overtime premium pay. This uniform policy, in violation of the FLSA, has been applied to all Investigators classified as independent contractors by Defendant throughout the United States.

42.     Defendant's conduct in misclassifying Plaintiff and other similarly situated Investigators as independent contractors has been willful. Defendant has done it to avoid paying premium overtime pay and the other benefits to which Plaintiff and other similarly situated Investigators are entitled.

43.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew or showed reckless disregard for whether its conduct was prohibited by the FLSA. Plaintiff and all similarly situated employees therefore are entitled to all damages owed for the limitations period beginning three years preceding the filing of this Complaint and/or the filing of consents to become party plaintiffs, plus additional time for periods of equitable tolling.

44.     Plaintiff and other similarly situated employees are entitled to recover an award in the amount of their unpaid overtime compensation.

45.     Plaintiff and other similarly situated employees are entitled to recover an additional award of liquidated damages in an amount equal to the amount of unpaid overtime pay, and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

46.     Employers subject to the FLSA must "make, keep, and preserve" accurate records of all hours worked and the wages, hours, and other conditions and practices of employment. 29 U.S.C. § 211(c).  It is unlawful for any person to violate § 211(c).  29 U.S.C. § 215(a)(5).

47.     29 C.F.R. § 516.2 and 29 C.F.R. § 825.500 further require that every employer shall maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee each workweek.

48.     Defendant has failed to maintain all records required by the aforementioned statutes and regulations, and failed to furnish Plaintiff and other similarly situated Investigators comprehensive statements showing the hours they worked during the relevant time period.

49.     Where an employer's records are inaccurate or inadequate, employees need only produce sufficient evidence to show the amount and extent of the work as a matter of just and reasonable inference to prove they were improperly compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946).  If an employer is unable to rebut the reasonableness of this inference, the court may award damages to the employee, even if the result "be only approximate." *Id.*

50.     Plaintiff and other similarly situated Investigators are entitled to their unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees. 29 U.S.C. § 216(b).

KEYPOINT0000048

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the proposed Collective he seeks to represent in this action, requests the following relief:

a)   For an order certifying that this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of this action be issued to potential members of the Collective, apprising them of the pendency of this action, and permitting them to assert their FLSA claims;

b)   For an order equitably tolling the statute of limitations for the potential members of the Collective;

c)   For an order awarding Plaintiff and the Collective compensatory and statutory damages (including liquidated damages), including lost wages, earnings, and all other sums of money owed to Plaintiff and members of the Collective, together with interest on these amounts;

d)   For an order directing Defendant to identify, locate and restore to all current and former Investigators classified as independent contractors the restitution and compensation they are due for lost wages, earnings, and other sums of money, together with interest on these amounts.

e)   For a declaratory judgment that Defendant has willfully violated the FLSA and public policy as alleged herein.

f)   For pre- and post-judgment interest;

g)   For an award of reasonable attorneys' fees as provided by the FLSA;

h)   For all costs of suit; and

i)   For such other and further relief as this Court deems just and proper.

KEYPOINT0000049

Respectfully submitted,

Dated:  January 29, 2015

LAW OFFICES OF KEVIN T. BARNES

By:    _____ /s/ Kevin T. Barnes _____
KEVIN T. BARNES
Attorney for Plaintiff Richard Smith and the Proposed
Collective

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP

By:    _____ /s/ Joshua Konecky _____
JOSHUA KONECKY
Attorney for Plaintiff Richard Smith and the Proposed
Collective

COLLECTIVE ACTION COMPLAINT
*Smith v. Keypoint*

12

KEYPOINT0000050

## DEMAND FOR JURY TRIAL

Plaintiff Richard Smith, by and through his attorney, hereby demands a jury trial on all claims and issues for which Plaintiff and the Collective are entitled to a jury.

Respectfully submitted,

Dated:  January 29, 2015

LAW OFFICES OF KEVIN T. BARNES

By:        /s/ Kevin T. Barnes
           KEVIN T. BARNES
           Attorney for Plaintiff Richard Smith and the Proposed
           Collective

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP

By:        /s/ Joshua Konecky
           JOSHUA KONECKY
           Attorney for Plaintiff Richard Smith and the Proposed
           Collective

COLLECTIVE ACTION COMPLAINT
*Smith v. Keypoint*

13

KEYPOINT0000051



**KeyPoint  Government Solutions,  Inc.**
**AUTO INSURANCE FORM**

*KeyPoint Government Solutions requires proof of auto insurance for all contractors.*

Contractor name:

Auto insurance is held with:

Policy number:

Expiration of policy:

Limits of liability coverage $:

Make, year, model, tag#, state:

Emergency contact information

Name:

Phone:

**Please  attach  a  photocopy  of  your  current  auto  insurance  card  for  the  vehicle(s) you  plan  to  use  in  the  performance  of  your  work  for  KeyPoint.**

Note: if you change vehicles or are issued a new insurance card please forward that information to the Contractor Business Partner.

KEYPOINT0000052