IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 15-cv-00865-REB-KLM

RICHARD SMITH, individually and on behalf of all others similarly situated,

      Plaintiffs,

v.

KEYPOINT GOVERNMENT SOLUTIONS, INC., a Delaware corporation,

      Defendant.

---

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

**Blackburn, J.**

This matter is before me on that portion of **Plaintiff's Ex Parte Application for Temporary Restraining Order and Setting of Hearing for Preliminary Injunction or, in the Alernative** [sic], **Motion for Protective Order** [#17],[1] filed June 19, 2015, which requests a temporary restraining order.  Defendant filed a response [#20], on June 22, 2015.[2]  On June 23, 2015, I heard arguments on the motion for temporary restraining order and took the matter under advisement.  At the hearing, the parties did not submit further evidence to that already proffered with the motion and response.  Having considered the arguments, authorities, and evidence submitted by the parties, I deny the request for issuance of a temporary restraining order.

---

[1] "[#17]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

[2] Thus, although the motion was designated as being filed *ex parte*, defendant received notice of the motion and was able to respond both in writing and in person at the hearing.  The requirements and standards of Fed. R. Civ. P. 65(b) therefore are inapplicable.

## I.  JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question).

## II.  STANDARD OF REVIEW

A temporary restraining order constitutes extraordinary relief.  Thus, a party
seeking a temporary restraining order must show (1) a substantial likelihood that the
movant eventually will prevail on the merits; (2) that the movant will suffer irreparable
injury unless the injunction issues; (3) that the threatened injury to the movant
outweighs whatever damage the proposed injunction may cause the opposing party;
and (4) that the injunction, if issued, would not be adverse to the public interest.
*Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).

## III.  ANALYSIS

This is a putative collection action under the Fair Labor Standards Act ("FLSA"),
29 U.S.C. § 201 *et seq.*  Plaintiff seeks to represent a class of professionals who are
engaged by defendant to perform background checks and similar investigative services
for federal governmental agencies with which defendant contracts.  Plaintiff alleges that
defendant has misclassified these individuals as independent contractors and thus has
wrongfully failed to compensate them for overtime hours worked in violation of the
FLSA.  The action was filed originally in the United States District Court for the Northern
District of California and subsequently transferred to this district.  No motion seeking
conditional certification of a collective action pursuant to 29 U.S.C. § 216(b) has yet
been filed.

The present motion arises from defendant's recent revision to its Independent

Contractor Engagement Agreement (ICEA) earlier this month.  On June 4 and 9, 2015,

defendant sent emails to its contractors working on Office of Personnel Management

and Department of Homeland Security contracts, respectively.  In a two-page cover

letter attached to the emails, defendant's representative advised as follows:

> Please be advised that the enclosed ICEA contains an arbitration agreement which applies to all pending and future litigation, including but not limited to ***Richard Smith, et al. v. KeyPoint Government Solutions***, Case No. 1:15-cv-00865, pending in the United States District Court for the District of Colorado.  The ***Smith*** case is a proposed collective action which alleges that KeyPoint has violated the Fair Labor Standards Act by classifying some investigators (possibly including you) as independent contractors instead of employees and alleges that these investigators should have been paid overtime for hours worked over 40 per week. KeyPoint denies and is vigorously contesting these allegations.  A copy of the operative complaint in the ***Smith*** case is attached.
>
> The ICEA also contains an opt-out provision with respect to pending litigation.  If you execute the ICEA and do not return the opt-out form as provided in the ICEA, you will not be able to participate in the ***Smith*** collective action either as a plaintiff or member of the collective action.  Instead, if you wanted to bring a claim against KeyPoint like that in the ***Smith*** case, you would not be precluded from doing so, but you would be required to do so in arbitration on behalf of yourself only.   If you execute the ICEA and also execute and return the opt-out form as provided in the ICEA, the arbitration provision will have no effect on your ability to participate in the ***Smith*** collective action; although the arbitration provision will continue to apply to other claims you have or in the future may have.  Whether or not you return the opt-out form is completely up to you, and regardless of what you choose, there will be no adverse action taken against you as a consequence.

(**Def. Resp. App.**, Exh. 2(A) at 3 of 27.)  In addition, the ICEA itself (which also was attached to the emails) included a prominent paragraph which specifically permitted contractors to opt out of the arbitration clause with respect to this lawsuit:

> (g) **Contractor's Right to Opt Out of Arbitration of Pending Litigation. Arbitration of litigation pending in federal or state court is not a mandatory condition of contracting with KeyPoint.  If you wish to opt out of mandatory arbitration of litigation pending at the time of execution of this contract, you must execute the "Arbitration of Pending Litigation Opt-Out Form" that is attached to this contract as Exhibit A, and return it with the executed contract. If you opt out as provided in this paragraph, you will not be subject to any adverse action as a consequence of that decision and may pursue available legal remedies with respect to pending litigation without regard to this Agreement. You have the right to consult with counsel of your choice concerning this Agreement.**

(*Id.* ¶ 6(g) at 9 of 27.)  Finally, defendant also attached to the emails a form permitting the recipient to opt out of the arbitration provision (*id.* at 4 of 27), as well as a copy of the complaint in this lawsuit (*id.* at 13-26 of 27).  Recipients were advised that they had ten business days from the date of the letter in which to return the opt-out forms.[3]

Plaintiff's seeks a temporary restraining order based on his assertion that this form of notice affords putative class members insufficient time in which to make an informed decision as to whether to opt in to this lawsuit.  He further contends that the notice is misleading and confusing insofar as it does not contain a neutral description of

---

[3] At the hearing, counsel for defendant represented that those recipients who requested additional time in which to consider whether to opt out had been afforded that opportunity.  She further represented that, as of June 22, 2015, 87 percent of the OPM contractors had returned their opt-out forms, of which 67% had elected to opt out.  Thirty-six percent of the DHS contractors had returned their forms, with 70% of those returned opting out of arbitration.

the claims made in the lawsuit, does not explain the procedure for opting in to the lawsuit, and does not advise potential plaintiffs of the applicable statute of limitations that may impact their right to pursue relief under the FLSA.  Stated succinctly, plaintiff believes that defendant's notice is too dissimilar in form and substance from that which the court would provide, assuming *arguendo* that this case is conditionally certified as a collection action under the FLSA.  Although these matters may well inform and guide the entry of a protective order,[4] they fall short of substantiating entitlement to the extraordinary relief of a temporary restraining order.

As an initial matter, I express substantial jurisdictional concerns of both ripeness and standing as to the relief sought herein.  Plaintiff's arguments ultimately go to the enforceability *vel non* of the arbitration agreements as they pertain to this lawsuit.  Yet that particular issue would not appear to be ripe unless and until some putative class member, having failed to opt out of the arbitration provision of the revised ICEA, attempts to opt in to this litigation *and* defendant thereafter challenges that contractor's right to do so based on the arbitration agreement.  It is only in such a scenario that the court would be called on to determine whether defendant's form of notice was inadequate and the resulting arbitration clause unenforceable.  Moreover, as plaintiff himself did not receive a copy of the revised ICEA (being a former, rather than current, contractor for defendant), it seems unlikely that he has standing or otherwise could be considered an adequate representative of any such putative future class members if and when they seek to join this lawsuit.

---

[4]  I will refer that alternative request of the present motion to the magistrate judge for consideration by separate order.

Nevertheless, even assuming *arguendo* that there is an actual case and controversy to be determined and that plaintiff has standing to pursue it, I find and conclude that plaintiff has shown neither a likelihood of success on the merits nor irreparable harm if a temporary restraining order is not granted.[5]

As to the likelihood of success, I concur with defendant that, given the thrust of plaintiff's arguments in his motion, the relevant inquiry in this regard must focus on the likely success of plaintiff's arguments regarding the validity of the arbitration provision of the revised ICEA as applied to this litigation.  As plaintiff has focused instead on the likelihood of his success on the merits of his underlying FLSA claim, he has failed to proffer either argument or evidence relevant to this more apposite inquiry.

Considering that question in the abstract, however, the court disagrees with plaintiff's characterization of defendant's notice as confusing or misleading.  The description of the claims asserted in this case is quite similar to that which the court itself might have given had it been directing notice following conditional certification of the collective action.  In addition, contrary to plaintiff's arguments, the notice made clear that consultation with an attorney was advisable and that no adverse consequence – no retaliation –  would attach to a contractor's decision to opt out of the arbitration provision.[6]

---

[5]  Moreover, my resolution of these two factors ultimately makes the remaining two considerations – balance of the harms between the parties and the public interest – a wash.

[6]  The three declarations of putative class members appended to plaintiff's motion do not convince me otherwise.  Despite their professed initial confusion, all three of these contractors contacted counsel for plaintiff and opted out of the arbitration provisions.  Their inchoate fear of retribution for having done so adds nothing to the court's calculus in considering the propriety of the relief requested herein.

Nor do I perceive anything inherently unreasonable in affording contractors ten business days in which to consider whether to opt out of the arbitration provision. Those contractors who requested additional time in which to consider their options were granted it.  The relatively healthy rate of return of the arbitration opt out forms suggest far less confusion than plaintiff fears exists.[7]  (***See supra*** note 3.)  In addition, although plaintiff points out that courts typically provide much longer periods in which to opt in to a collective action once conditionally certified, that period is not statutorily mandated. This court's own experience is to adopt that time period for return of the opt-in forms to which the parties stipulate, regardless of its relative length.

As for irreparable injury, there is nothing threatened to be done by the entry into arbitration agreements that cannot be undone at a later date without lingering effect to the substantive rights of any putative class member.  The court certainly has the authority, should the need arise, to refuse to enforce the arbitration provision, either as to one ore more particular class members or *in toto*.  To the extent any such injury may occur in the future, therefore, it is not irreparable.

## IV.  ORDERS

Accordingly, I find and conclude that plaintiff has failed to demonstrate that he is entitled to the extraordinary relief afforded by a temporary restraining order.  Thus, that portion of his motion will be denied.

---

[7]  This fact tends to undermine plaintiff's suggestion at the hearing that the fact that three contractors were "hardy" enough to overcome their initial confusion (***see supra*** note 6) does not demonstrate that others were not confused also.  Moreover, this wholly speculative inference is woefully inadequate to satisfy plaintiff's burden of proof as the movant.

**THEREFORE, IT IS ORDERED** that  the portion of **Plaintiff's Ex Parte Application for Temporary Restraining Order and Setting of Hearing for Preliminary Injunction or, in the Alernative** [sic]**, Motion for Protective Order** [#17], filed June 19, 2015, which requests a temporary restraining order is denied.

Dated June 23, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge