**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  15-cv-00865-REB-KLM

RICHARD SMITH, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

KEYPOINT GOVERNMENT SOLUTIONS, INC., a Delaware corporation,

    Defendant.

**ORDER**

**Blackburn, J.**

    This matter is before me *sua sponte*.  Due to a conflict on the court's docket, the trial of this matter (and concomitantly, the combined Final Pretrial Conference/Trial Preparation Conference) must be rescheduled.

    Moreover, currently pending before the court are both defendant's motion for summary judgment [#77][1] and plaintiff's motion for conditional certification of a collective action under the Fair Labor Standards Act [#78], both filed April 18, 2016.  Although the standard for granting conditional certification is a lenient one, ***see Thiessen v. General Electric Capital Corp.***, 267 F.3d 1095, 1102 (10th Cir. 2001), **cert. denied**, 122 S.Ct. 2614 (2002); ***Brown v. Money Tree Mortgage, Inc.***, 222 F.R.D. 676, 680 (D. Kan. 2004), the court retains inherent authority "to control the disposition of the causes on its

---

[1] "[#77]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

docket with economy of time and effort for itself, for counsel, and for litigants," ***Landis v. North American Co.***, 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936). Given the necessity of resetting the trial in any event, and the fact that recent developments make it appear unlikely the present, imminent, discovery deadline can be maintained (*see* **Preliminary Order Appointing Master for Discovery** [#82], filed April 21, 2016), the court believes it would be prodigal to pursue both motions simultaneously.

Instead, the court finds and concludes that most efficient and efficacious use of both party and court resources is to exercise the court's inherent authority to resolve the substantive issues raised by the summary judgment motion prior to determining issues going to certification of a collective action. Accordingly, I will deny the presently pending motion for certification of a collective action without prejudice to refile if any substantive claim remains viable once the summary judgment motion is resolved.

**THEREFORE, IT IS ORDERED** as follows:

1. That the combined Final Pretrial Conference/Trial Preparation Conference set July 22, 2016, at 2:00 p.m., is vacated and continued without date pending further order of the court;

2. That the jury trial set to commence August 8, 2016, is vacated and continued without date pending further order of the court;

3. That on **August 3, 2016**, at **10:00 a.m.** (MDT), the court shall conduct a telephonic (non-appearance) setting conference to reset, if necessary, the combined Final Pretrial Conference/Trial Preparation Conference and jury trial; and

2

      4.  That counsel for plaintiff shall arrange, initiate, and coordinate the conference call to chambers at **303-335-2350** to facilitate the setting conference;

      5.  That **Plaintiff's** [sic] **Motion for Conditional Certification and To Facilitate Notice of Collective Action Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA)** [#78], April 18, 2016, is denied without prejudice; and

      6.  That **Defendant's Motion for Temporary Stay of Plaintiff's Motion for Conditional Certification Pending Ruling on Defendant's Motion for Summary Judgment and Request for Expedited Briefing** [#80] filed April 21, 2016, is denied as moot.

      Dated April 25, 2016, at Denver, Colorado.

                                          **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge