**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-00865-REB-KLM

RICHARD SMITH, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

KEYPOINT GOVERNMENT SOLUTIONS, INC., a Delaware corporation,

    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**Blackburn, J.**

The matters before the court are (1) **Defendant's Motion for Summary Judgment** [#77],[1] filed April 18, 2016; and (2) **Defendant's Motion To Strike Portions of Plaintiff's Response to Defendant's Motion for Summary Judgment** [#88], filed May 26, 2016. I grant the motion for summary judgment on the grounds stated herein and deny the motion to strike as moot.[2]

**I. JURISDICTION**

I have jurisdiction over this matter under 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (Fair Labor Standards Act).

---

[1] "[#77]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs.

## II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. **FED. R. CIV. P.** 56(a); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. **Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); **Farthing v. City of Shawnee**, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); **Farthing**, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine dispute. **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1315 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. **Id.** at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. **Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services**, 165 F.3d 1321, 1326 (10th Cir.), **cert. denied**, 120 S.Ct. 53 (1999).

## III. ANALYSIS

This is an action for allegedly unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 - 219. Plaintiff claims his work for defendant prior to June

2012 was classified improperly as that of an independent contractor, and therefore he and other similarly situated employees are entitled to unpaid overtime wages. **See Johnson v. Unified Government of Wyandotte County/Kansas City, Kansas**, 371 F.3d 723, 727 (10th Cir. 2004); **Baker v. Flint Engineering & Construction Co.**, 137 F.3d 1436, 1440 (10th Cir. 1998). The parties devote the bulk of their briefing to arguing the relative merits of this question. Nevertheless, the court does not address those substantive arguments, because even assuming *arguendo* that plaintiff has asserted a valid claim under the FLSA, it plainly is barred by limitations. Moreover, because this action has never been certified as a collective action due to plaintiff's inexcusable delay in filing a motion for certification, the entire action must be dismissed.

    It is undisputed that plaintiff became a full-time employee of defendant in June or July 2012. His FLSA claims relate therefore only to the period of time prior to that transition. This lawsuit was filed in state district court on January 29, 2015. Generally, claims under the FLSA are subject to a two-year statute of limitations. 29 U.S.C. § 255(a). Under that standard, plaintiff's claims patently are time-barred.

    However, if plaintiff can establish defendant acted "willfully," the period of limitations increases to three years. **Id. See also Mumby v. Pure Energy Services (USA), Inc.**, 636 F.3d 1266, 1270 (10th Cir. 2011). An employer acts willfully for purposes of the FLSA if it "either [knows] or show[s] reckless disregard for the matter of whether its conduct violated the statute." **McLaughlin v. Richland Shoe Co.**, 486 U.S. 128, 133, 108 S.Ct. 1677, 1681, 100 L.Ed.2d 115 (1988); **Mumby**, 636 F.3d at 1270. To demonstrate "reckless disregard," plaintiff must adduce evidence of "action entailing

an unjustifiably high risk of harm that is either known or so obvious that it should be known." ***Safeco Insurance Co. of America v. Burr***, 551 U.S. 47, 68, 127 S.Ct. 2201, 2215, 167 L.Ed.2d 1045 (2007) (citation, internal quotation marks, and footnote omitted).

Given these standards, it is not enough to suggest merely that defendant was aware of the existence FLSA or of the statute's application to its employees. ***McLaughlin***, 108 S.Ct. at 1681-82. Courts have found willful violations when the evidence shows, *inter alia*,

> (1) admissions that an employer knew its method of payment violated the FLSA prior to the accrual of the action; (2) continuation of a pay practice without further investigation after being put on notice that the practice violated the FLSA; (3) earlier violations of the FLSA that would put the employer on actual notice of the Requirements of the FLSA; (4) failure to keep accurate or complete records of employment; and (5) prior internal investigations which revealed similar violations

***Nieddu v. Lifetime Fitness, Inc.***, 977 F. Supp. 2d 686, 689 n.1 (S.D. Tex. 2013) (quoting ***Bingham v. Jefferson County, Texas***, 2013 WL 1312563 at *14 & nn. 9-13 (E.D. Tex. March 1, 2013), ***adopted as modified on other grounds***, 2013 WL 1312014 (S.D. Tex. March 27, 2013) (footnotes omitted)). ***See also Reich v. Monfort, Inc.***, 144 F.3d 1329, 1334-35 (10th Cir. 1998) (prior wage and hour investigation and audit disclosed same violations as claimed by plaintiff); ***Ali v. Jerusalem Restaurant, Inc.***, 2015 WL 1345326 at *2-3 (D. Colo. March 23, 2015) (genuine dispute of material fact where evidence showed defendant owner was asked directly about overtime wages by at least two employees); ***Smith v. Pizza Hut, Inc.***, 2011 WL 2791331 at *6 (D. Colo.

July 14, 2011) (same). An employer's actions which are merely unreasonable, incorrect, or even negligent are insufficient. **McLaughlin**, 108 S.Ct. at 1682 & n.13.

Plaintiff presents no evidence here comparable to that which has been found sufficient to show willfulness under the FLSA. He argues defendant showed reckless disregard by classifying some of its workers as independent contractors and others as employees, despite the fact that all investigators do the same type of work subject to the same type of controls.

At best, this argument suggests defendant should have known that this classification system violated the FLSA, but negligence is not willfulness. Moreover, defendant's representative explained the company maintains this bifurcated classification to meet unpredictable customer demands, maintaining a baseline of investigators in the field as employees and engaging others as independent contractors as needed when and where customer demand increases. Plaintiff cites no authority, and the court has found none, to support a conclusion that the mere maintenance of such an eminently reasonable business practice justifies a conclusion that defendant consciously or recklessly ignored a risk that the practice violated the FLSA, if in fact it did. As no reasonable jury could so find, the general two-year statute of limitations bars all plaintiff's individual claims in this lawsuit.

The only remaining question is whether the case should be dismissed entirely or allowed to proceed on the presently inchoate collective action claims. Plaintiff addresses defendant's arguments in this regard in a footnote, which in and of itself is

sufficient ground for the court to refuse to consider its position.[3]  **See Windsor v. Patton**, 623 Fed. Appx. 943, 947 (10th Cir. Aug. 21, 2015) (inadequately briefed arguments are waived); **South Denver Anesthesiologists, P.C. v. Oblachinski**, 2007 WL 2255123 at * 1( D. Colo. Aug. 3, 2007) (court does not consider "cursory, unsupported, or otherwise inadequately briefed arguments").  Nevertheless, considering the issue substantively, the court finds that plaintiff's motion for certification of a collective action – filed almost a year after the case was transferred to this court and sixteen months after it was initiated – was untimely.  Thus, although the court previously denied the certification motion on prudential grounds, for the reasons stated herein, it should have been denied substantively.

As a factual matter, plaintiff is simply mistaken in suggesting that other plaintiffs have opted in to this lawsuit.  Indeed, such would be impossible, as a collective action has not been certified yet.  Moreover, "the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied."  **Genesis Healthcare Corp. v. Symczyk**, – U.S. –, 133 S. Ct. 1523, 1529, 185 L.Ed.2d 636 (2013).  Until certification is granted, no consequence attaches to the alleged collective nature of the action.

More importantly, certification of a collective action is intended to occur early in the litigation to provide notice to potential members of the suit and their right to opt in.

---

[3] Plaintiff appears to have done so because it already had far exceeded, without leave of court, the maximum number of pages allowed under the court's civil practice standards.  **See REB Civil Practice Standard** IV.B.2.  In addition, it did not escape the court's attention that plaintiff's response also violated D.C.COLO.LCivR 10.1(e), which requires all documents submitted to the court to be double-spaced.  If properly formatted, the response would have exceeded the 20-page limitation by far more than the five additional pages actually submitted.

The determination is based on the allegations of the complaint,[4] employing a very lenient standard, and is conditional pending a final determination on the propriety of allowing the case to proceed as a collective action.[5]  Court involvement in the crafting and provision of notice is essential to facilitate and "manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." ***Hoffmann-LaRoche Inc. v. Sperling***, 493 U.S. 165, 170, 110 S.Ct. 482, 486, 107 L.Ed.2d 480 (1989).[6]

---

[4] Plaintiff has suggested his delay in bringing the certification motion was attributable to defendant's "insistence that the parties needed to submit to a lengthy bureaucratic process with the Office of Personnel Management (OPM) before KeyPoint had 'clearance' to produce the basic policy documents and witnesses that Plaintiff needed to support the motion." (**Plf. Motion for Conditional Certification** at 7 [#78], filed April 18, 2016).  Given that a motion for conditional certification is determined based on the allegations of the complaint, this argument is a red herring.

[5] In this circuit, certification of a collective action is a two-step, sequential process.  At the initial "notice stage," the trial court must determine whether the plaintiff has made "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." ***Thiessen v. General Electric Capital Corp.***, 267 F.3d 1095, 1102 (10th Cir. 2001), ***cert. denied***, 122 S.Ct. 2614 (2002) (citation and internal quotation marks omitted).  After discovery is complete, the second, or "decertification," stage occurs, at which point, the court, applying a much stricter standard, determines whether the putative plaintiffs in fact are similarly situated and, consequently, whether the action should continue as a collective action.  ***See Brown***, 222 F.R.D. at 679 (citing ***Thiessen***, 267 F.3d at 1103).  In seeking certification, plaintiff made no argument which could be construed to request the court skip directly to the second stage of this process.

[6] As the ***Hoffman-LaRoche*** Court noted further:

> Because trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time.  One of the most significant insights that skilled trial judges have gained in recent years is the wisdom and necessity for early judicial intervention in the management of litigation.  A trial court can better manage a major [collective] action if it ascertains the contours of the action at the outset. . . .  By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative.

***Hoffman-LaRoche***, 110 S.Ct. at 487 (internal citations omitted).

By filing his motion for conditional certification nearly a year after the case was transferred to this court, plaintiff has circumvented that orderly process and thwarted the court's ability to "proceed in diligent fashion" and "expedite disposition of the action." *Id.*, 110 S.Ct. at 487. This case was initiated in January 2015. The deadline for joinder of parties was August 1, 2015. Discovery closed on April 1, 2016.[7] Plaintiff did not file his motion to certify a collective action until April 18, 2016, nearly a year after the case was transferred to this court and less than four months prior to the date originally scheduled for trial.

Were the court to consider certifying a collective action at this late juncture, discovery would have to be reopened and the deadline for discovery extended substantially.[8] Consequently, the presently scheduled trial date in April 2017 will be impossible to maintain if the court and the parties essentially must start over in this manner. By the time the court could next accommodate the anticipated ten-day jury trial (three weeks on the court's trial docket), the case will have been pending nearly three years.

Courts in other jurisdictions have denied certification for similar reasons. **See, e.g.**, **Metzger v. Auto Rescue of MKE LLC**, 2016 WL 1587229 at *2-3 (E.D. Wis. April 19, 2016); **Quijano v. Tuffy Associates Corp.**, 2014 WL 4182691 at *1 (M.D. Fla. Aug. 21, 2014); **Meth v. Natus Medical Inc.**, 2014 WL 3544989 at *1 (E.D. Va. July 17,

---

[7] A deadline which plaintiff's counsel himself represented at the Rule 16 scheduling conference was not solely for pre-certification discovery, but rather "all discovery." (**Defendant's Motion for Temporary Stay App.**, Exh. A at 9-10.)

[8] The parties already have proved beyond the limits of the court's ordinary mechanisms for handling disputatious discovery. (**See Minute Order** [#86], filed May 5, 2016 (approving plan to appoint special master to resolve discovery disputes beyond capacity of court).

2014) (citing district court's decision in earlier iteration of case); *Gallender v. Empire Fire and Marine Insurance Co.*, 2007 WL 325792 at *2 (S.D. Mis.. Jan. 31, 2007). This court now joins them and dismisses the collective action allegations of the complaint without prejudice for failure to timely request certification.

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant's Motion for Summary Judgment** [#77], filed April 18, 2016, is granted in part and denied in part, as set forth herein;

2. That **Defendant's Motion To Strike Portions of Plaintiff's Response to Defendant's Motion for Summary Judgment** [#88], filed May 26, 2016, is denied as moot;

3. That plaintiff's individual claims are dismissed with prejudice as barred by limitations;

4. That the collective action claims set forth in the complaint are dismissed without prejudice;

5. That judgment with prejudice shall enter on behalf of defendant, KeyPoint Government Solutions, Inc., and against plaintiff, Richard Smith, as to all claims for relief and causes of action asserted by him individually;

6. That judgment without prejudice shall enter on behalf of defendant, KeyPoint Government Solutions, Inc., as to the collective action claims asserted by plaintiff on behalf of all others similarly situated;

7. That the combined Final Pretrial Conference and Trial Preparation

Conference scheduled for March 30, 2017, at 1:15 p.m., and the trial scheduled to commence on April 17, 2017, are vacated; and

     8.  That defendant is awarded its costs, to be taxed by the clerk of the court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

     Dated December 16, 2016, at Denver, Colorado.

**BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge